**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **CHARLES A. COVINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-1220 (JDB)** |
| ) | |
| **JANICE GALLI MCLEOD et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**<u>MEMORANDUM OPINION</u>**

This case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is

before the Court on cross-motions for summary judgment.[1]  For the reasons stated below, the

defendant's motion for summary judgment will be granted and the plaintiff's motion for summary

judgment will be denied.[2]

FACTUAL BACKGROUND

The plaintiff, Charles A. Covington, is a prisoner serving a sentence stemming from a

1996 conviction on drug and gun charges.  *See* Docket, *United States v. Covington,* Criminal Case

No. 96-102-CR-W-NKL (W.D. Mo.).  Seeking information to support a successive collateral

attack on his conviction under 28 U.S.C. § 2241, *see* Pl.'s Mot. for Summ. J. ("Pl.'s Mot.") at 5,

_____

[1]  The plaintiff's cross-motion for summary judgment was filed at the time his opposition
was due, but no separate opposition was filed.  Accordingly, the plaintiff's cross-motion will be
treated as both a cross-motion and an opposition to the defendant's motion for summary
judgment.

[2]  Janice Galli McLeod is not a proper party to this action, as FOIA actions may be
brought only against agencies and departments of the federal government, not against persons.
*See* Def.'s Mot. for Summ. J. at 5.  The court treats this action as one brought against McLeod's
employer, the Department of Justice, and shall use the term "defendant" to refer to the
Department of Justice.

the plaintiff made a FOIA request to the defendant asking for (1) the original indictment against his three co-defendants, (2) the grand jury minutes to the superseding indictment, and (3) a co-defendant's proffer.  *See* Decl. of Gabriel A. Chavez, Sept. 22, 2008 ("Chavez Decl."), Att. 1 (Covington's FOIA Letter Request) (annexed to Def.'s Mem. of Law in Supp. of Mot. for Summ. J. ("Def.'s Mot.")).  The defendant released the indictment, and that part of the FOIA request is not at issue in this action.  Def.'s Mot. at 5-6, Chavez Decl. ¶ 10.  Citing FOIA Exemption (b)(3), the defendant denied the plaintiff's request for a record of the grand jury proceedings.  Def.'s Mot. at 6-7.  Citing FOIA Exemptions (b)(6) and (b)(7)(C), it also denied the plaintiff's request for the co-defendant's proffer.  *Id.* at 7-8.  The plaintiff exhausted his administrative appeals, and then filed this civil action, arguing that he is entitled to the requested grand jury minutes and his co-defendant's proffer.

DISCUSSION

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment must be granted if the pleadings and evidence on file show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).  In a FOIA suit, an agency is entitled to summary judgment once it satisfies its burden of demonstrating that no material facts are in dispute and that it has conducted a search reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure.  *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001).  A court may award summary judgment to a FOIA defendant solely on the basis of information provided by the department or agency in sworn statements with

reasonably specific detail that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemptions, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith. *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir. 1981). To challenge such a showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial," Fed. R. Civ. P. 56(e), that would permit a reasonable jury to find in his favor. *Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C. Cir. 1987). In this case, there is no dispute that the search was adequate, and the plaintiff challenges only the legitimacy of the exemptions asserted for withholding information.

Grand Jury Minutes

The plaintiff seeks grand jury minutes, and in particular, "those portions of the grand jury transcript[] relating to testimony provided by Plaintiff's co-defendants." Pl.'s Mot. at 2. The defendant denied the request in reliance on FOIA Exemption (b)(3), which permits non-disclosure of records that are "specifically exempted from disclosure by statute . . . provided that such statute [either] (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.'" 5 U.S.C. § 552(b)(3). Federal Rule of Criminal Procedure 6(e) prohibits certain persons, including government attorneys, from disclosing any "matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B). It is well-settled law in this circuit that Rule 6(e) operates through FOIA Exemption (b)(3) to allow an agency to withhold grand jury materials that, if disclosed, would "tend to reveal some secret aspect of the grand jury's investigation, such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like."

*Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice,* 823 F.2d 574, 582 (D.C. Cir. 1987) (quoting *SEC v. Dresser Indus., Inc.,* 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)). There is no doubt that records of what occurred before the grand jury and, in particular, records of statements made by the plaintiff's co-defendants to the grand jury are exempt from disclosure under FOIA Exemption (b)(3). *See Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.,* 656 F.2d 856, 869 (D.C. Cir. 1981) (listing, among other information "falling within the broad reach of grand jury secrecy," the "identities of witnesses" and "the substance of testimony").

The plaintiff argues that "in fact the transcripts have already been disclosed to one party of this action, and it would be exceedingly inequitable, discriminatory and contrary to the principles of federal discovery to allow one party access to the grand jury transcripts but not the remaining parties." Pl.'s Mot. at 2 (punctuation altered). In the absence of any other identifying information, the plaintiff's reference to "one party to this action" is taken as a reference to the prosecutor in plaintiff's criminal case, who is entitled to the grand jury information for use in performing his duties. *See* Fed. R. Crim. P. 6(e)(3)(A)(i). The prosecutor is, however, prohibited by law from disclosing matters occurring before the grand jury. Fed. R. Crim. P. 6(2)(B)(vi). Therefore, on this record, the plaintiff has not established that the information he seeks is broadly available within the Department of Justice or in the public domain, or that he is entitled to it. *See Cottone v. Reno,* 193 F.3d 550, 554 (D.C. Cir. 1999) (recognizing the public domain exception to enforcement of the FOIA exemptions from disclosure).

To the extent that the plaintiff means to argue that his need for the grand jury minutes outweighs the interest in maintaining them as secret, his argument is misplaced in a FOIA action.

- 4 -

Although Rule 6(e) provides that "a court may authorize . . . disclosure of a grand jury matter in connection with a judicial proceeding," Fed. R. Crim. P. 6(e)(3)(E)(i), that court must be the one in the district where the grand jury convened, Fed. R. Crim. P. 6(e)(3)(F), which is not this court. And although Rule 6(e) allows a court to disclose grand jury matters "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," Fed. R. Crim. P. 6(e)(3)(E)(ii), Mr. Covington is a plaintiff in this court, not a defendant.  Therefore, Rule 6(e)(3)(E)(ii) is inapplicable to him in the matter pending here.[3]

Co-Defendant's Proffer

The defendant cites FOIA Exemption(b)(7)(C) to justify withholding the co-defendant's proffer.[4] Exemption (b)(7)(C) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal

---

[3] It appears that Mr. Covington has already made a motion under either Rule 6(e)(3)(E)(i) or (ii) before the proper court, which denied the motion. *See* Order, *United States v. Covington,* Criminal Case No. 96-102-CR-W-NKL (W.D. Mo. Dec. 20, 2004) (denying the motion after concluding that the movant was procedurally barred from pursuing a successive habeas petition to attack his conviction, and therefore not reaching the issue of whether movant made the requisite showing to obtain the information).

[4] The defendant also cites FOIA Exemption (b)(6), which exempts from disclosure information relating to an individual if the disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6); *U.S. Dep't of State v. Washington Post Co.,* 456 U.S. 595, 602 (1982) (holding that Exemption (b)(6) applies to all information that applies to a particular individual).  Analysis of this exemption is not necessary, as Exemption (b)(7)(C) was properly applied to withhold the co-defendant's proffer, and FOIA does not require multiple justifications for withholding information.  In addition, the defendant "now specifically asserts Rule 6(e) in conjunction with exemption 3" to justify withholding the co-defendant's "grand jury proffer."  *See* Chavez Decl. ¶ 17.  This assertion is not mentioned in the defendant's moving papers, the proffer is not described elsewhere as a "grand jury proffer," and therefore this assertion is not considered in reaching this disposition.

privacy."  5 U.S.C. § 552(b)(7)(C).  In order properly to withhold information under this

exemption, the agency must establish both (1) that the information was compiled for law

enforcement purposes and (2) that its disclosure would involve an unwarranted invasion of a third

party's privacy.  *Pratt v. Webster,* 673 F.2d 408, 413 (D.C. Cir. 1982).  It is not disputed that the

co-defendant's proffer was created for law enforcement purposes.  Thus, the only issue in dispute

is whether the disclosure of the requested information could reasonably be expected to constitute

an unwarranted invasion of personal privacy.

Exemption (b)(7)(C) affords broad privacy rights to suspects and witnesses, *Bast v. U.S.*

*Dep't of Justice,* 665 F.2d 1251, 1254 (D.C. Cir. 1981), and Mr. Covington's co-defendant was

both a suspect and a witness.  An individual's "privacy interest at stake [in any disclosure of

records compiled for law-enforcement purpoes] is substantial."  *SafeCard Serv., Inc. v. S.E.C.,*

926 F.2d 1197, 1205 (D.C. Cir. 1991).  A co-defendant's interest in keeping private the statements

he made to law-enforcement officials is readily apparent, and disclosure could reasonably be

expected to lead to embarrassment and humiliation, *see* Chavez Decl. ¶ 23, or possibly even

danger.  Thus, disclosure of material protected under (b)(7)(C) is warranted only when the

individual's interest in privacy is outweighed by the public's interest in disclosure.  *United States*

*Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 776 (1989)

(requiring the court to "balance the public interest in disclosure against the interest Congress

intended [Exemption (b)(7)(C)] to protect"); *Beck v. Dep't of Justice,* 997 F.2d 1489, 1491 (D.C.

Cir. 1993).

The plaintiff argues that his need for the requested information outweighs any interest in

not disclosing the requested materials.  *See generally,* Pl.'s Mot. at 2-5.  He has not, however,

explicitly argued or shown that a public interest, rather than his personal interest, tips the balance

in favor of disclosure when weighed against the co-defendant's privacy interest.  Even if the

plaintiff's mention of *Brady* material is construed as an implicit argument that there is a public

interest in disclosure of the requested information, *see* Pl.'s Mot. at 3-4 (citing *Brady v. Maryland,*

373 U.S. 83, 87 (1963)), the argument fails, because it is both misplaced and ineffective.  It is

misplaced because a *Brady* violation is a matter appropriately addressed to the court that

sentenced the prisoner, not through a FOIA action in this Court.  *See Ojo v. Immigration &*

*Naturalization Service,* 106 F.3d 680, 683 (5th Cir.1997) (the sentencing court is the only court

with jurisdiction to hear a convict's complaint regarding errors that occurred before or during

sentencing).  It is ineffective because a generic reference to *Brady* cannot establish a public

interest that outweighs the co-defendant's legitimate privacy interest.

> [W]here there is a privacy interest protected by Exemption 7(C) and the public
> interest being asserted is to show that responsible officials acted negligently or
> otherwise improperly in the performance of their duties, the requester must
> establish more than a bare suspicion in order to obtain disclosure.  Rather, the
> requester must produce evidence that would warrant a belief by a reasonable
> person that the alleged Government impropriety might have occurred.

*Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004).  The plaintiff does not

contend that there was a *Brady* violation, let alone provide any specific supporting facts.  Even a

bald assertion of a *Brady* violation is insufficient to overcome the individual's privacy interests in

the records at issue.  *Oguaju v. United States,* 378 F.3d 1115, 1116-17 (D.C. Cir. 2004).

Segregability

The plaintiff also mentions an agency's duty to segregate information that may be

disclosed without violating the exemption warranting non-disclosure.  *See* Pl.'s Mot. at 4 (citing 5

U.S.C. § 552(b) (mandating that "any reasonable segregable portion of a record shall be provided . . . after deletion of the portions which are exempt").  While "the 'segregability' requirement applies to all documents and all exemptions in the FOIA," *Center for Auto Safety v. Environmental Protection Agency*, 731 F.2d 16, 21 (D.C. Cir. 1984), segregation is not required where the "exempt and nonexempt information are inextricably intertwined, such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value," *Mays v. Drug Enforcement Admin.,* 234 F.3d 1324, 1327 (D.C. Cir. 2000) (internal quotation marks omitted).  In this case, the plaintiff seeks a record of a proffer and what occurred before the grand jury.  There is no portion of either an individual's statement or minutes of a grand jury proceeding that may be segregated and released in keeping with the applicable FOIA exemptions, as the entire substance of the record is what is exempt.  The nature of the information requested in this particular case is simply incompatible with segregation. Therefore, the defendant did not err in not segregating the information requested.

## CONCLUSION

Because the defendant has demonstrated that it acted lawfully under the FOIA in denying plaintiff's request for grand jury minutes and a co-defendant's proffer, the defendant's motion for summary judgment will be granted and the plaintiff's motion for summary judgment will be denied.  A separate order accompanies this memorandum opinion.

_____
/s/
JOHN D. BATES
Date: August 19, 2009            United States District Judge